Submitted September 5, reversed November 5, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TRACY BYE,
*Defendant-Appellant.*

Benton County Circuit Court
CM0620072; A135804

196 P3d 83

George W. Kelly filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denis M. Vannier, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant embezzled funds from his employer in 1997 and 1998 and later entered into an agreement with the employer in which defendant acknowledged his guilt and agreed to repay the stolen funds over time. The agreement provided that, in the event that defendant stopped making restitution, the employer reserved the right to report defendant's actions to the proper authorities. Defendant eventually stopped making payments under the agreement, and the employer reported the embezzlement to the District Attorney's office.

In January 2006, defendant was charged with eight counts of theft based on acts alleged to have been committed in 1997 and 1998. Defendant moved to dismiss the charges on the ground that the statute of limitations for those charges had expired. *See* ORS 131.125. The trial court denied the motion on the ground that defendant knowingly and voluntarily waived any statute of limitations defense as part of his agreement with the employer. Defendant then entered a conditional guilty plea and was convicted of one count of first-degree theft and three counts of second-degree theft.

On appeal, defendant contends that the trial court erred in concluding that he had waived a statute of limitations defense. The state concedes that defendant's agreement with his employer did not constitute an enforceable waiver of a statute of limitations defense against the state in a criminal prosecution. The state further concedes that the trial court should have granted defendant's motion to dismiss. We agree and accept the state's concession.

Reversed.